**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LINDA SPARDA,
an individual,

                                        Case No.:

       Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation, and
UNITED STATES DEPARTMENT OF
AGRICULTURE RURAL DEVELOPMENT,

       Defendants.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, LINDA SPARDA (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sue Defendants, EXPERIAN INFORMATION SERVICES, LLC (hereinafter, "Experian") and UNITED STATES DEPARTMENT OF AGRICULTURE RURAL DEVELOPMENT (hereinafter, "USDA") (hereinafter collectively, "Defendants").  In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.     This is an action brought by individual consumers for damages for USDA's violation of the Fair Credit Reporting Act ("FCRA") wherein USDA unlawfully reported an alleged mortgage account as discharged through bankruptcy

1

in Plaintiff's consumer credit files as maintained by Experian.

2.     More specifically, despite Plaintiff advising USDA that she had reaffirmed the debt and it was not discharged through bankruptcy, and after Plaintiff disputed USDA's reporting of such erroneous information directly to Experian-USDA *continued* to report the account as discharged.

3.     Furthermore, this is an action for damages for Experian's violations of the Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") FCRA wherein Experian continued to incorrectly report the USDA account as discharged after Plaintiff repeatedly advised that such account was not discharged, and after Plaintiff provided information to Experian proving the same.

## JURISDICTION, VENUE & PARTIES

4.     Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq*., and supplemental jurisdiction exists permitting Plaintiff's breach of contract claims pursuant to 28 United States Code, Section 1367.

5.     Defendants are subject to the jurisdiction of this Court as Defendants each regularly transact business in this District.

6.     Venue is proper in this District as the acts and transactions described herein occur in this District.

7.     At all material times herein, Plaintiff is a natural person residing in

Flagler County, Florida.

8.      At all material times herein, the USDA does business in Florida.

9.      At all material times herein, the USDA is a United States missions area with its national office located at 1400 Independence Ave., Washington, DC 20250.

10.     At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

## FCRA STATUTORY STRUCTURE

11.     Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

12.     Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

13.     Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free

of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute. *Id.* at § i(a).

14.     Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. *Id.* at § i(a)(4).

15.     Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5).

16.     Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation

finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

17.     Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

18.     Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## **<u>GENERAL ALLEGATIONS</u>**

19.     At all material times herein, Plaintiff is an alleged "consumer" or "debtor" as defined by the FCRA, Section 1681a(c).

20.     At all material times herein, the USDA, itself and through its

5

subsidiaries, regularly extends contracts for mortgages—to consumers residing in Flagler County, Florida.

21.    At all material times herein, the USDA is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

22.    At all material times herein, the USDA reports information concerning an alleged mortgage referenced by account number beginning 4089- (hereinafter, the "Alleged Debt" or the "Account").

23.    At all material times herein, the USDA furnishes, reports, and publishes specific details of consumers alleged outstanding or delinquent debt accounts to compel or coerce the consumer to either satisfy an alleged balance owed, or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit.

24.    At all material times herein, Experian is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and each regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Experian disburses such consumer reports to third parties under contract for monetary compensation.

25.    At all material times herein, Defendants act themselves or through their

agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

26.     All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS
## CREATION OF THE DEBT

27.     On or about December 6, 2019, Plaintiff filed a voluntary Chapter 7 bankruptcy case in the Middle District of Florida, Jacksonville Division, identified by case number 3:19-bk-04639-JAF (hereinafter, "Bankruptcy Case").

28.     Plaintiff listed the USDA in her Bankruptcy Case and bankruptcy schedules as a secured creditor with respect to the Debt.  Please see attached true and correct copies of relevant pages from Plaintiffs' Chapter 7 Bankruptcy Petition labeled as Exhibit "A."

29.     On or about December 9, 2019, the United States Bankruptcy Court electronically sent a Notice of Chapter 7 Bankruptcy Case (hereinafter, "Bankruptcy Notice") to Plaintiffs' creditors, including the USDA.  Please see attached a true and correct copy of said Bankruptcy Notice with the corresponding delivery confirmation matrix labeled as Exhibit "B."

30.     On or about January 15, 2020, Plaintiff reaffirmed the mortgage debt owed to USDA Rural Development and filed the reaffirmation agreement with the

United States Bankruptcy Court. Please see attached a true and correct copy of said Reaffirmation Agreement labeled as Exhibit "C."

31.    Pursuant to the reaffirmation agreement, Plaintiff continued making monthly payments to the USDA Account.

32.    To reiterate, at no point was the Account discharged through Plaintiff's Bankruptcy Case.

## PLAINTIFF'S DISPUTES REGARDING THE ACCOUNT AND THE USDA AND EXPERIAN'S DISPUTE RESPONSES

33.    During or about February 2023, Plaintiff discovered that Experian was inaccurately and incompletely reporting the Account.

34.    More specifically, Experian reported the Account as discharged through Plaintiff's Bankruptcy Case.

35.    Following this report, upon information and belief Plaintiff disputed this aforementioned inaccurate information directly to Experian and the USDA.

36.    On or about June 27, 2023, Plaintiff, with the assistance of her attorneys, sent a written dispute to Experian (hereinafter, "Plaintiff's First Dispute"). Please see attached a true and correct copy of Plaintiff's Written Dispute and attachments labeled as Exhibit "D."

37.    More specifically, Plaintiff advised Experian that Plaintiff had reaffirmed the debt owed to the USDA and as such the Account should not be listed as discharged through bankruptcy but instead should be open with a balance and

proper payment history.

38.     Experian received Plaintiff's Written Dispute.

39.     On or about July 25, 2023, Experian sent its dispute results to Plaintiff, purportedly verifying its inaccurate reporting of the Account.  Please see attached a true and correct copy of the relevant pages of Experian's Dispute Response attached as Exhibit "E."

40.     To date, the USDA is still reporting the Account as discharged through bankruptcy on Plaintiff's Experian credit reports.

## DAMAGES

41.     As a result of Defendants' reporting of the Debt, Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that she will be denied credit as a result of the erroneous and incorrect reporting of the Account reflecting the Debt as charged off with no record of Plaintiff's monthly payments on the Account by the USDA if she needs to obtain credit in the near future, and that Plaintiff would either be denied credit or pay higher interest rates in the event she could obtain financing.

42.     Plaintiff retained Swift, Isringhaus & Dubbeld, P.A. for the purpose of pursuing this matter against Defendants.

43.     The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an

award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against the USDA and Experian.

44.    The USDA's conduct was a direct and proximate cause of, as well as a substantial factor in, causing serious injuries, damages, and harm to Plaintiff.

45.    As a result of Defendants' conduct, actions, and inactions, Plaintiff was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' inaccurate and continued reporting of the Account, she did not wish to further damage their credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account without payment information resulting in the Account being reported as a discharged tradeline account.

46.    Additionally, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite Plaintiff's efforts to convey to the USDA that she was making payments on the Account under the reaffirmation agreement including supplying Defendants with supporting documentation, Plaintiff must simply endure Defendants' reporting of the Account.

**COUNT ONE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)**
**(As to the USDA Only)**

Plaintiff re-alleges paragraphs one (1) through forty-six (46) as if fully

restated herein and further states as follows:

47.    The USDA is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly re-investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to request that Experian update the Account on Plaintiff's credit reports and credit file after re-investigating Plaintiff's repeated disputes.

48.    As described above, Plaintiff reaffirmed the Debt with the USDA during the course of her Bankruptcy Case.

49.    As such, it is factually inaccurate for the USDA to report the Account as discharged in bankruptcy after the same was proven in multiple disputes.

50.    Despite the USDA receiving notice of Plaintiff's disputes from Experian—including the information and documents referenced in the above paragraph— the USDA willfully and/or negligently failed to request that Experian update the tradeline associated with the Account and continued to report inaccurate information regarding the Account to Experian.

51.    The USDA's credit reporting is materially misleading.

52.    The USDA's re-investigations were not conducted in good faith.

53.    The USDA's re-investigations were not conducted reasonably.

54.     The USDA's re-investigations were not conducted using all information and documents reasonably available to the USDA.

55.     As a result of the USDA's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' inaccurate and continued reporting of the Account, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account without payment information resulting in the Account being reported as a discharged tradeline account.

56.     The USDA's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

57.     The USDA's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT TWO:**
**FAIR CREDIT REPORTING ACT –**
**<u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)</u>**

**(As to Experian Only)**

Plaintiff re-alleges paragraphs one (1) through forty-six (46) as if fully restated herein and further states as follows:

58.     Experian is subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

59.     Experian willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the Account.

60.     Specifically, despite Plaintiff advising Experian that Plaintiff was not past due on the Account— Experian continued to report the Account as 30 days or more past due, resulting in the Account being reported as a derogatory, negative, or adverse account in Plaintiff's credit reports and credit files.

61.     Further, Experian willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when re-investigating Plaintiff's disputes of the above-referenced inaccuracies contained in her Experian credit reports and credit file.

62.     Such reporting of the Account is false and evidences Experian's failure to establish or follow reasonable procedures to assure the maximum possible

accuracy of Plaintiff's credit reports and credit file.

63.    As a result of Experian's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' inaccurate and continued reporting of the Account, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account without payment information resulting in the Account being reported as a discharged tradeline account.

64.    Experian's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

65.    Experian's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT THREE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i**

Plaintiff re-alleges paragraphs one (1) through fifty-one (51) as if fully

restated herein and further states as follows:

66.     Experian is subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files, Section 1681i(a)(4) by failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments, and Section 1681i(a)(5) failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

67.     Specifically, Experian willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

68.     Experian did not request any documents from the USDA corroborating information furnished and verified by the USDA to Experian regarding Plaintiff and the Account in response to any of Plaintiff's Disputes.

69.     Overall, Plaintiff's Written Dispute provided Experian with sufficient information allowing Experian to identify their reporting errors with respect to the Account, and therefore, to correct their inaccurate reporting.

70.     Plaintiff's Written Dispute advised Experian that Plaintiff had reaffirmed the Debt owed to the USDA and had made all payment on the Account in full and in a timely manner since entering that agreements and that as such, the

Account was not discharged in bankruptcy.

71.    Additionally, Plaintiff enclosed copies of the Reaffirmation Agreement and her monthly mortgage billing statement with her Second Dispute.

72.    Despite Plaintiff's repeated disputes, Experian continued to report the Account as discharged through bankruptcy.

73.    As such, Experian's re-investigations were not conducted in such a way as to assure whether information regarding Plaintiff and the Account was inaccurate and each failed to subsequently update and remove the inaccurate information in Plaintiff's credit reports and credit files.

74.    Such reporting is false and evidences Experian's failure to conduct reasonable re-investigations of Plaintiff's repeated disputes.

75.    Experian's reinvestigations of Plaintiff's disputes were not conducted reasonably.

76.    Experian's reinvestigations merely copied and relied upon the inaccurate Account information conveyed by the USDA.

77.    Experian's reinvestigations of Plaintiff's disputes were not conducted in good faith.

78.    Experian's reinvestigation procedures are unreasonable.

79.    Experian's re-investigations of Plaintiff's disputes were not conducted using all information reasonably available to Experian.

80.     Experian's reinvestigations were *per se* deficient by reason of these failures in Experian's reinvestigations of Plaintiff's disputes and the Account.

81.     As a result of Experian's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' inaccurate and continued reporting of the Account, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account without payment information resulting in the Account being reported as a discharged tradeline account.

82.     Experian's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

83.     Experian's actions in violation of 15 United States Code, Section 1681i, constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendants' conduct,

Plaintiff respectfully requests an entry of:

      a.     Judgment declaring that the USDA breached the contract;

      b.     Judgment against the USDA for actual damages;

      c.     Judgment against the USDA and Experian for maximum statutory damages for violations of the FCRA;

      d.     Actual damages in an amount to be determined at trial;

      e.     Compensatory damages in an amount to be determined at trial;

      f.     Punitive damages in an amount to be determined at trial;

      g.     An award of attorney's fees and costs; and

      h.     Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

                Respectfully submitted,

                **SWIFT LAW PLLC**

                /s/ *Jon P. Dubbeld*
                **Aaron M. Swift, Esq., FBN 0093088**
                **Jordan T. Isringhaus, Esq., FBN 0091487**
                **Jon P. Dubbeld, Esq., FBN 105869**

**Sean E. McEleney, Esq., FBN 125561**
11300 4th Street North, Suite 260
St. Petersburg, FL 33716
Phone: (727) 755-3676
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com
smceleney@swift-law.com
*Counsel for Plaintiff*